COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia

ALBERT LEE TYNES

                                                    OPINION BY
v.       Record No. 0754-05-1                JUDGE D. ARTHUR KELSEY
                                                 OCTOBER 17, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          David F. Pugh, Judge

            Robert C. Astor for appellant.

            Michael T. Judge, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        On appeal, Albert Tynes argues that his convictions for robbery, abduction, and felonious

use of a firearm should be vacated and the case retried because the trial court erroneously

restricted his cross-examination of a prosecution witness.  Finding Tynes's proffers of the

rejected testimony inadequate to demonstrate error, much less prejudicial error, we affirm.

                                            I.

        At Tynes's bench trial, the Commonwealth presented evidence that Tynes and two others

robbed Quentin Matthews and Jeffrey Scott at gunpoint.  In his cross-examination of Scott,

Tynes's counsel asked:  "As you were walking with Mr. Matthews . . . just before this incident

were you discussing with him your plans for the evening?"  "We already knew what our plans

was," Scott answered.  Counsel continued:  "Yeah, but you were talking back and forth; were

you not?"  At that point, the prosecutor objected on relevance and hearsay grounds.

        The trial court sustained the objection and invited Tynes's counsel to make a proffer for

the record.  Tynes's counsel stated that he wanted "to explore this line of questioning" and

intended "to show through other evidence that [Scott] had gone down there, he had made

statements to others that he was going to hang for awhile, that he was going to get a cab home later and that he had a little bit on him." This evidence, counsel suggested, would corroborate Tynes's claim that the incident involved a disputed drug transaction, not a robbery.

After hearing the proffer, the trial court stated counsel could "ask the witness if he had any illegal contraband or substance on him at the time that he was robbed." Instead of asking this question, however, Tynes's counsel sought leave to ask whether Scott found "drug paraphernalia" when he went "back to the scene" after the alleged robbery. The trial court refused that question, finding it irrelevant "what happened later on after the alleged robbery, what may or may not have been found."

In response to this ruling, Tynes's counsel proffered that "contraband was found among the personal effects and also found at the scene of the incident." The trial court noted, "You have your objection on the record. Next question." At that point, counsel abandoned any further cross-examination of Scott with the statement, "I have no further questions."

II.

"Given the 'broad discretion' of a trial judge over evidentiary matters, we apply a deferential abuse-of-discretion standard of appellate review." Seaton v. Commonwealth, 42 Va. App. 739, 752, 595 S.E.2d 9, 15 (2004) (citation omitted). The abuse-of-discretion standard, "if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (quoting Henry J. Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 754 (1982)), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Id.

When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error — much less reversible error — without "a proper showing

of what that testimony would have been." Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999). Such a proffer allows us to examine both the "admissibility of the proposed testimony," and whether, even if admissible, its exclusion "prejudiced" the proffering party. Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006) (citations omitted).

We can perform this examination only when the proponent proffers the "testimony he expected to elicit," Clagett v. Commonwealth, 252 Va. 79, 95, 472 S.E.2d 263, 272 (1996), rather than merely his theory of the case.[1] "The failure to proffer the *expected testimony* is fatal to his claim on appeal." Molina, 47 Va. App. at 367-68, 624 S.E.2d at 97 (emphasis added). To be sure, even when "we are not totally in the dark concerning the nature of the evidence," we still must "know enough about the specifics" to be able to "say with assurance" that the lower court committed prejudicial error. Smith v. Hylton, 14 Va. App. 354, 358, 416 S.E.2d 712, 715 (1992).

In this case, Tynes argues that the trial court committed prejudicial error by disallowing two questions he wanted to ask Scott during cross-examination.[2] Because we cannot "speculate

---

[1] This specificity principle — requiring the proffer to show what the "testimony would have been" — has been a settled feature of appellate practice in Virginia. Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001) (citation omitted); see, e.g., Brown v. Commonwealth, 246 Va. 460, 464-65, 437 S.E.2d 563, 565 (1993) ("substance of the anticipated testimony"); Barrett v. Commonwealth, 231 Va. 102, 108, 341 S.E.2d 190, 194 (1986) ("evidence sought to be introduced"); Owens v. Commonwealth, 147 Va. 624, 631, 136 S.E. 765, 767 (1927) ("the answer of the witness"); Molina, 47 Va. App. at 364, 624 S.E.2d at 97 ("expected testimony"); Durant v. Commonwealth, 35 Va. App. 459, 462 & 466, 546 S.E.2d 216, 218 & 220 (2001) ("expected testimony"); Lockhart, 34 Va. App. at 340, 542 S.E.2d at 6 ("answers that [the witness] would have given"); Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986) ("expected answer").

[2] In his appellate brief, Tynes also claims the trial court violated the Confrontation Clause of the Sixth Amendment. Because he did not raise this claim at trial, he cannot raise it for the first time on appeal. Rule 5A:18; see Juniper v. Commonwealth, 271 Va. 362, 387, 626 S.E.2d 383, 400 (2006) (holding that an assertion of a "due process violation" in the trial court, without

what the answer might have been to these questions," O'Dell v. Commonwealth, 234 Va. 672, 697, 364 S.E.2d 491, 505 (1988), we look solely to the proffers made by Tynes in the trial court.

(a) *The Disallowed "Back and Forth" Question*

The first disallowed question asked Scott whether he and Matthews talked "back and forth" about their plans. Counsel never proffered what Scott's likely response to this question would have been. Nor did counsel explain how a statement made in a conversation between Scott and Matthews (prior to the alleged robbery) would have survived the prosecutor's relevance and hearsay objections. Instead, counsel said only that he wanted to "explore" the subject with Scott because "other evidence" would show Scott had "a little bit on him" and planned to participate in some sort of a drug deal. In other words, rather than disclosing what Scott's "testimony would have been" on this subject, Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001), counsel merely repeated his theory of the case.

Consequently, we have no way of knowing whether Scott's answer to the disallowed "back and forth" question would have been admissible — thus rendering its exclusion error. All the more, the inadequacy of Tynes's proffer precludes us from knowing whether any such alleged error would be considered prejudicial under harmless error principles.[3] What we do know is that the trial court permitted Scott to be asked whether "he had any illegal contraband or

more, does not preserve for appeal a "claim under the Sixth Amendment Confrontation Clause"); Riner v. Commonwealth, 268 Va. 296, 325 n.11, 601 S.E.2d 555, 572 n.11 (2004) (finding waiver where appellant failed to "mention the Sixth Amendment or the Confrontation Clause" at trial); Husske v. Commonwealth, 252 Va. 203, 213 n.*, 476 S.E.2d 920, 926 n.* (1996) (holding Confrontation Clause claim waived when not expressly asserted in trial court).

[3] Code § 8.01-678 makes "harmless-error review required in *all* cases." Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (emphasis in original and text in parenthetical to statutory citation); Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926) (holding that the harmless error statute "puts a limitation on the powers of this court to reverse the judgment of the trial court — a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment").

substance on him at the time that he was robbed." Tynes's counsel, however, never followed up with this question.

(b) *The "Drug Paraphernalia" Question*

The second disallowed question would have asked Scott if he saw "drug paraphernalia" at the scene after the alleged robbery incident. The trial court ruled that "what happened later" (after the robbery) was not relevant. The court had already ruled Scott could be questioned about possessing drugs at the time of the robbery — but Tynes never asked that question. Instead, counsel relied solely on his general proffer that "contraband was found among the personal effects and also found at the scene of the incident." Counsel did not say Scott would have testified to this fact. Nor did counsel suggest how the disallowed question (drug paraphernalia found by Scott after the alleged robbery) would have elicited testimony materially different from the allowed question (Scott's possession of drugs during the alleged robbery).

At oral argument on appeal, Tynes's counsel added to his proffer by suggesting that Scott's likely testimony would have been that *Matthews* possessed drug paraphernalia at the time of the robbery which fell to the ground during a fight over a disputed drug transaction. Counsel admitted he did not give this specific proffer at trial, but contended he could not do so because the trial judge abruptly "cut off" the discussion. The record, however, suggests only that the trial judge acknowledged the objection and instructed counsel to ask the next question. Because "the record does not reflect that any proffer was refused," Kemph v. Commonwealth, 17 Va. App. 335, 342, 437 S.E.2d 210, 214 (1993), counsel was not relieved of his obligation to make one.

III.

In sum, Tynes failed to make an adequate proffer in support of the two questions disallowed by the trial court and failed to ask the one question (equally consistent with his theory of the case) specifically allowed by the trial court. For these reasons, Tynes has shown no basis

to support his assertion that the trial court abused its discretion in making these evidentiary rulings.

Affirmed.