COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


ANTONIO NATHANIEL GOLDEN

MEMORANDUM OPINION[*] BY
v.        Record No. 0468-08-1          JUDGE D. ARTHUR KELSEY
                                        FEBRUARY 10, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Alexandria Chun (Office of the Public Defender, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General; Virginia B. Theisen, Senior
Assistant Attorney General, on brief), for appellee.


The trial court convicted Antonio Nathaniel Golden of two counts of aggravated sexual

battery and one count of taking indecent liberties with a minor.  On appeal, Golden argues the

trial court violated his Sixth Amendment right of confrontation and his common law right to

cross-examination.  We affirm Golden's convictions, finding neither of his assertions has been

properly preserved for appellate review.

I.

At trial, Golden's counsel cross-examined the victim (an eleven-year-old girl) about her

allegations.  The questioning focused on various issues, including the victim's description of

Golden's penis.  Using an anatomical diagram of a male, Golden's counsel asked the victim to

identify the "part" of Golden's body that touched her vagina.  The victim pointed to the penis on

the diagram.  She said she saw Golden's penis during the assault and described it as "hard."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Golden's counsel then asked what the penis "looked like." The prosecutor objected, arguing the victim had answered the question already by reference to the diagram and by describing it as "hard." In response, Golden's counsel rephrased the question, "how big was it?" The victim did not answer.

The trial court then followed up with its own series of questions. In response, the victim confirmed she saw Golden's penis; it was "similar to what's on the diagram;" and it "touched" her vagina. Alluding to the prosecutor's earlier asked-and-answered objection, the court concluded: "That's sufficient as far as the Court's concerned."

Golden's counsel asked, "Your Honor, may I go into that a little bit?" The trial court answered "no" and then asked the victim if she would like to "say anything else about how it looked?" The victim declined to add any more specificity. Golden's counsel objected: "I'm just going to object for the record that I believe she should be able to describe this area of Mr. Golden's body in detail." The court replied, "she's done it. You've shown her the diagram. . . . She marked it at least on two occasions. She said it was long." Counsel continued, "I understand that, but it seems that she has no independent knowledge of what that looked like without the help of a diagram." The court noted counsel's objection, and the cross-examination continued on other subjects.

After the trial court convicted him, Golden filed a motion to set aside the convictions on various grounds. Among other things, Golden argued his "Sixth Amendment right to confront his accuser had been violated" as well as his common law right to cross-examination. Amended Motion to Set Aside/Vacate ¶ 2. The court denied Golden's motion and entered final judgment.

II.

On appeal, Golden argues the trial court "abused its discretion and violated the defendant's Sixth Amendment right to confrontation in preventing the defendant from

- 2 -

cross-examing [sic] the accuser on the charge of indecent liberties." Appellant's Br. at 6.

Neither the constitutional nor the common law aspects of this question, however, have been properly preserved for appeal.

### A. SIXTH AMENDMENT CONFRONTATION CLAUSE

Under Rule 5A:18, no "ruling of the trial court" can be a basis for reversal "unless the objection was stated together with the grounds therefor *at the time of the ruling*" by the trial court. A contemporaneous objection in the trial court serves as a "precondition to appellate review." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." Id. (emphasis in original).

Arguments challenging evidentiary rulings by a trial court must be made at the time of the ruling. See Nusbaum v. Berlin, 273 Va. 385, 402-03, 641 S.E.2d 494, 503 (2007) (holding that objections must be "stated with reasonable certainty at the time of the ruling").[1] Such arguments cannot be raised for the first time in a post-trial motion.[2] The contemporaneous objection requirement applies to objections based on constitutional grounds, including Confrontation Clause arguments. See, e.g., Pelletier v. Commonwealth, 42 Va. App. 406, 423

---

[1] See also Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002) (holding that the objection must be made "when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error"); Zook v. Commonwealth, 31 Va. App. 560, 568, 525 S.E.2d 32, 35-36 (2000) ("To be timely, an objection to the admissibility of evidence must be made when the occasion arises — that is, when the evidence is offered, the statement made or the ruling given." (citation omitted)), aff'd on other grounds by unpublished order, No. 001136 (Va. Feb. 16, 2001).

[2] See generally Boblett v. Commonwealth, 10 Va. App. 640, 650-51, 396 S.E.2d 131, 136-37 (1990) ("The fact that this argument was raised initially in a post-trial motion to set aside the verdict does not alter our decision. In order for an objection to be timely, it must be made when the evidence is offered or the ruling given.").

n.4, 592 S.E.2d 382, 390 n.4 (2004) (finding Confrontation Clause argument waived because it was raised for the first time in a post-trial motion).

In this case, Golden did not claim at trial any violation of his Confrontation Clause rights. The only objection raised at trial was counsel's assertion: "I'm just going to object for the record that I believe she should be able to describe this area of Mr. Golden's body in detail. . . . [B]ut it seems that she has no independent knowledge of what that looked like without the help of a diagram." Even assuming this objection could be construed to question the trial court's earlier ruling on the scope of cross-examination (rather than merely a comment on the weight of the victim's testimony), the stated objection does not raise with specificity a Confrontation Clause argument. Under Rule 5A:18, the "*same* argument must have been raised, with *specificity*, at trial before it can be considered on appeal." Smith v. Commonwealth, 48 Va. App. 521, 530 n.1, 633 S.E.2d 188, 193 n.1 (2006) (emphasis added and citation omitted).[3]

### B.   COMMON LAW SCOPE OF CROSS-EXAMINATION

Golden also argues the trial court violated his common law right of cross-examination by replying "no" when counsel asked, "Your Honor, may I go into that a little bit?" Golden's counsel, however, never proffered what additional questions she wanted to ask. Nor did she proffer the answers she expected the victim might give to these unasked questions. These omissions preclude us from reviewing this issue on appeal.

A defendant cannot argue on appeal that the "trial court erred in limiting his cross-examination" unless he proffered in the trial court the "questions he wanted to ask" and the "answers" he thought the witness "would have given." Spencer v. Commonwealth, 238 Va. 563,

---

[3] "Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*)), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004). "We will not consider such an argument *sua sponte*." Id.

570, 385 S.E.2d 850, 854 (1989); see also Williams v. Harrison, 255 Va. 272, 277, 497 S.E.2d 467, 471 (1998). An appellate court "cannot competently determine error — much less reversible error" without an adequate proffer. Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citation omitted). It is not enough for counsel to proffer "merely his theory of the case." Id. at 21, 635 S.E.2d at 690. "To be sure, even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the specifics' to be able to 'say with assurance' that the lower court committed prejudicial error." Id. at 22, 635 S.E.2d at 690 (citation omitted); see also Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 348, 650 S.E.2d 92, 96 (2007).

III.

Because Golden did not properly preserve either of his arguments in the trial court, we affirm his convictions.

Affirmed.