COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia


MICHAEL KIDUS ASFAW

                                                              OPINION BY
v.        Record No. 2496-08-4                    JUDGE D. ARTHUR KELSEY
                                                              APRIL 27, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge[1]

        Crystal A. Meleen (Keats & Meleen, PLC, on brief), for
        appellant.

        Benjamin H. Katz, Assistant Attorney General (William C.
        Mims, Attorney General, on brief), for appellee.


        A jury convicted Michael Kidus Asfaw of four counts of robbery and one count of use of

a firearm during a robbery.  On appeal, Asfaw contends the trial court erroneously denied his

pretrial request for a transcript of his preliminary hearing.  We agree with Asfaw, reverse his

convictions, and remand for retrial after the transcript has been made available to him.


                                                    I.

        Just over two weeks before trial, Asfaw's counsel filed a motion seeking the preparation

of a transcript of his preliminary hearing.  The court had previously found Asfaw to be indigent

and appointed counsel to represent him.  At a hearing ten days before trial, counsel explained to

the court that Asfaw's charges had been previously *nolle prosequied* and reinstated after his

acquittal on unrelated robbery and firearm charges.  In that unrelated case, counsel stated, the

_____

        [1] Judge Gaylord L. Finch, Jr., ruled on Asfaw's pretrial motion requesting a transcript of
his preliminary hearing.  Judge Bruce D. White presided over Asfaw's trial and entered the final
conviction order.

court granted Asfaw's request for a transcript of the preliminary hearing. Counsel said the transcript proved "very useful" because "some of the testimony changed, especially the testimony of the primary witnesses who were actually alleged co-defendants in the matters . . . ." For similar impeachment purposes, counsel reasoned, he needed the preliminary hearing transcript of the present case "so that we can have at least the preliminary testimony of the witnesses who will be testifying at trial to make sure that their testimony is consistent with what they said at the preliminary hearing." The witnesses in the unrelated case were among those who testified at Asfaw's preliminary hearing in the present case.

In response, the prosecutor did not dispute counsel's proffer of the impeachment value of the transcript. Instead, the prosecutor merely stated the cost of preparing the transcript on such short notice would be very expensive. Asfaw's counsel, the prosecutor added, could instead rely on his notes from the preliminary hearing. Asfaw's counsel replied that he had "no reason to believe" the reporter could not prepare the transcript within several days because the court reporter retained for the preliminary hearing was not the one typically used by the court. As for the potential extra cost to expedite the transcript, Asfaw's counsel said he did not expect there to be any, but if there were, he would ask Asfaw or his parents to pay the extra cost directly. Believing there was no need for a continuance, Asfaw's counsel did not ask for one.

The trial court denied without comment Asfaw's motion for a transcript. Ten days later, the case proceeded to a jury trial on the robbery and firearm charges. In its case in chief, the Commonwealth relied heavily on the testimony of witnesses who had testified at Asfaw's preliminary hearing — some of the same witnesses who had testified unsuccessfully against Asfaw in the earlier unrelated case. The jury accepted the testimony of these witnesses and convicted Asfaw of four counts of robbery and one count of use of a firearm in the commission of a robbery.

II.

Under equal protection principles, an indigent defendant must be provided with the basic tools of an adequate defense. This obligation includes "a transcript of prior proceedings when that transcript is needed for an effective defense." Anderson v. Commonwealth, 19 Va. App. 208, 211, 450 S.E.2d 394, 395-96 (1994) (quoting Britt v. North Carolina, 404 U.S. 226, 227 (1971)).[2] In determining need, two factors predominate: the strategic "value" the transcript provides to the defense, and the "availability of alternative devices that would fulfill the same functions as a transcript." Britt, 404 U.S. at 227; White v. Commonwealth, 21 Va. App. 710, 714, 467 S.E.2d 297, 299 (1996); Anderson, 19 Va. App. at 211-12, 450 S.E.2d at 396.

As a general rule, the strategic "value of a transcript from a prior proceeding 'can ordinarily be assumed,'" Britt, 404 U.S. at 228, because "[i]n cases whose outcome turns on witness credibility, the potential value of a transcript for impeachment purposes is obvious." Anderson, 19 Va. App. at 212, 450 S.E.2d at 396 (citation omitted). An indigent does not have to show a particularized need "tailored to the facts of the particular case." Britt, 404 U.S. at 228. Nor does an indigent "bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a Court in hindsight." Anderson, 19 Va. App. at 212-13, 450 S.E.2d at 396 (citation omitted).[3] It is enough that he merely asserts a reasonable basis for believing the transcript would serve as a valuable "discovery device in preparation for trial" or as a "tool at trial itself for the impeachment of prosecution witnesses." Britt, 404 U.S. at 228.

---

[2] See Roberts v. La Vallee, 389 U.S. 40 (1967) (holding a state's refusal to supply an indigent defendant with a free transcript of his preliminary hearing constituted a denial of equal protection); accord Faison v. Zahradnick, 563 F.2d 1135, 1135-36 (4th Cir. 1977).

[3] Before the trial court, the Commonwealth suggested Asfaw's counsel could rely on his notes of the preliminary hearing as an alternative to the transcript. While counsel's notes might fulfill the discovery function of a transcript, they cannot satisfy the impeachment function of a transcript. "When a transcript is desired for impeachment, the fact that the Commonwealth supplied other bases for impeachment is inadequate consolation." John L. Costello, Virginia Criminal Law & Procedure § 47.4, at 752-53 (4th ed. 2008).

An indigent, however, cannot wait until the eve of trial to insist upon his right to a transcript. The right is waived if he does not make a "timely request . . . so as to avoid disruption of the subsequently scheduled trial." White, 21 Va. App. at 713, 467 S.E.2d at 299 (quoting United States v. Talbert, 706 F.2d 464, 470 (4th Cir. 1983)). The equal protection doctrine, after all, seeks to place the indigent in rough parity with the prudent, prepared non-indigent — not the imprudent, procrastinating non-indigent.

In this case, Asfaw's counsel filed the motion more than two weeks before trial and obtained a hearing on the motion ten days before trial. Asfaw's counsel suggested he could likely obtain the transcript within a few days without incurring an expedited reporter fee and, if any extra fee was incurred, he would ask either Asfaw or his parents to pay it. By making this proffer, Asfaw's counsel successfully avoided placing the trial court in the untenable position of either continuing the trial or authorizing an expedited fee solely because of a belated request.

Asfaw's counsel also demonstrated a persuasive need for the transcript. The witnesses at Asfaw's preliminary hearing testified in a prior case involving unrelated charges against Asfaw. The preliminary hearing transcript for the unrelated case, counsel proffered, was used to impeach these witnesses and ultimately resulted in an acquittal. With this proffer, Asfaw's counsel showed the requested transcript could likewise be used as a "tool at trial itself for the impeachment of prosecution witnesses," Britt, 404 U.S. at 228, thus confirming that "the potential value of a transcript for impeachment purposes is obvious," Anderson, 19 Va. App. at 212, 450 S.E.2d at 396 (citation omitted). For these reasons, the trial court erred by denying Asfaw's pretrial request for a transcript of his preliminary hearing.[4]

---

[4] The Commonwealth contends on appeal Asfaw failed to properly preserve the transcript issue for appellate review under Rule 5A:18. We disagree. After reminding the court of his client's indigency, Asfaw's court-appointed counsel asserted a specific need for the transcript and proffered a reasonable basis for his belief that it was important to Asfaw's defense. This argument fully satisfied — albeit not by name — the Britt constitutional standard, the only legal

Finally, we see no basis for characterizing the error as harmless.[5] The failure to provide

an indigent with a transcript implicates the constitutional harmless-error standard which requires

a reviewing court to be "able to declare a belief that it was harmless beyond a reasonable doubt."

White, 21 Va. App. at 716, 467 S.E.2d at 300 (citation omitted). In this case, the prosecution

relied heavily on witnesses who had earlier testified at Asfaw's preliminary hearing. The

probability that Asfaw's counsel could have challenged their testimony with inconsistent

statements (particularly given his claimed success at doing so in the earlier, unrelated case)

precludes the trial court's error from being declared harmless beyond a reasonable doubt.

III.

Because the trial court erred by denying Asfaw's motion for a transcript of his

preliminary hearing, we reverse his convictions and remand for retrial after the transcript has

been provided to him.[6]

Reversed and remanded.

---

basis available for an indigent to demand a free transcript. When relief sought in a trial court involves alternative and analytically different legal theories, Rule 5A:18 requires a litigant to *specifically* assert in the trial court the legal theory he seeks to raise on appeal. See, e.g., Tynes v. Commonwealth, 49 Va. App. 17, 24 n.2, 635 S.E.2d 688, 690 n.2 (2006). On the other hand, when the relief requested in the trial court could only involve one possible legal basis, Rule 5A:18 does not "prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (*en banc*) (citation omitted).

[5] Code § 8.01-678 makes "harmless-error review required in *all* cases." Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (emphasis in original and text in parenthetical). That is particularly true where, as here, a decision on the merits would be "rendered moot" by a "further ruling that the error in the trial court's denial of a free transcript was harmless." Commonwealth v. Harley, 256 Va. 216, 219, 504 S.E.2d 852, 853 (1998).

[6] Asfaw also appeals certain evidentiary rulings of the trial court. At oral argument, both Asfaw and the Commonwealth agreed we need not offer advisory opinions on these evidentiary points as they are unlikely to come up in the same manner on remand. See Oral Argument Audio at 24:50; 25:45 (Feb. 16, 2010). We thus do not address these issues.