COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, AtLee and Senior Judge Annunziata
Argued by teleconference

FIALKA WARD

v.      Record No. 1313-19-4

JOHN LEE WARD

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
MAY 19, 2020

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Fialka Ward, *pro se*.

Kabara Korth Praskavich; Devanshi P. Patel, Guardian *ad litem* for
the minor child (Maddox & Gerock, P.C.; Patel Law, PLLC, on
brief), for appellee.

Fialka Ward (mother) appeals an order dismissing her "petition" with prejudice and ordering

her to seek court approval before she files "any further motions or other pleadings, and from issuing

any discovery."  Mother argues that the circuit court erred by refusing to allow her to present

evidence, dismissing her petition "without giving [her] the chance to sign the order and declare that

she 'signed and disagreed,'" and refusing to allow her to file certain motions and documents after

the entry of the final order.  We find no error and affirm the decision of the circuit court.

BACKGROUND

"On appeal, we view the evidence 'in the light most favorable to the prevailing party

below and its evidence is afforded all reasonable inferences fairly deducible therefrom.'"  Bedell

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

v. Price, 70 Va. App. 497, 500-01 (2019) (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 40 (2014)).

Mother and John Ward (father) married on June 14, 2013, and divorced on January 27, 2016. The parties have one child, who has been the subject of several custody, visitation, and support orders. The circuit court entered the most recent custody, visitation, and support orders on August 10, 2018.[1] Afterwards, mother filed motions seeking to transfer venue and modify the custody and support orders. She also filed show cause petitions. The circuit court entered orders denying mother's motions and petitions and prohibiting either party from placing matters on the docket "without express authority from the [c]ourt."[2]

Thereafter, mother filed numerous pleadings requesting modifications to the prior orders. On May 9, 2019, the parties appeared before the circuit court. The circuit court found that there had not been a material change in circumstances since the August 2018 order, but asked mother what she perceived to be the material change in circumstances. Mother offered as an example that father had not informed her about a new medical provider for the child; and father explained why he had not immediately notified mother. The circuit court encouraged the parties to work together and explored the idea of a parenting coordinator. Mother, however, was argumentative and concerned about the cost, so the circuit court did not appoint a parenting coordinator. The circuit court found that "all of [the] issues and discord [are] coming from [mother] and not from [father]." The circuit court explained that it had "taken a significant amount of time to try to find a resolution in this [matter] but [mother was] simply incapable of doing that. All [she] want[ed] to do [was] fight this." The circuit court dismissed mother's petition with prejudice and

---

[1] Mother appealed the August 10, 2018 orders, but the appeal was dismissed for failure to pay timely the filing fee. See Ward v. Ward, Record No. 1731-18-4.

[2] Mother appealed the circuit court's orders, but subsequently withdrew her appeals. See Ward v. Ward, Record Nos. 1730-18-4 and 1995-18-4.

prohibited her from filing "any further motions or other pleadings, and from issuing any discovery" without prior court approval. Mother endorsed the order but did not note any objections. This appeal followed.

ANALYSIS

Mother argues that the circuit court erred by not allowing her to present any evidence.[3] She contends that she was "prepared to present substantial evidence that would have confirmed that there had been a material change in circumstances since the August 10, 2018 custody order and that would have supported her contention that it was in the minor child's best interests to modify the then-existing custody schedule as she requested."

During the hearing, the circuit court specifically asked mother, "What is the material change in circumstances?" Mother presented a document indicating that the child had seen a new medical provider, but father had not informed her of the new provider. Father explained his actions to the circuit court and stated that he now understood that he needed to inform her of all new medical providers. Other than the father's failure to inform mother of the new medical provider for the child, mother did not seek to present additional evidence or witnesses, nor did she proffer any evidence. "When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error – much less reversible error – without a proper showing of what that testimony would have been." Ray v. Commonwealth, 55 Va. App. 647, 649 (2010) (quoting Tynes v. Commonwealth, 49 Va. App. 17, 21 (2006)). "Thus, '[t]he failure to proffer the expected testimony is fatal to [the] claim on appeal.'"

---

[3] Mother argues that the circuit court erred by refusing to hear evidence at the hearings on August 10, 2018, September 14, 2018, and May 9, 2019. Mother already had appealed the rulings from the August 10, 2018 and September 14, 2018 hearings, and she withdrew her appeals in those matters. See Ward v. Ward, Record Nos. 1731-18-4 and 1995-18-4. The only matter properly before this Court is the ruling from the May 9, 2019 hearing.

Virginia Bd. of Med. v. Zackrison, 67 Va. App. 461, 485 (2017) (quoting Massey v. Commonwealth, 67 Va. App. 108, 132 (2016)).

Moreover, mother did not note any objections to the final order.[4] She is raising her arguments for the first time on appeal.[5] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 315 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)). "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666 (2011). "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" Friedman v. Smith, 68 Va. App. 529, 544 (2018) (quoting Andrews v. Commonwealth, 37 Va. App. 479, 493 (2002)).

---

[4] Mother states that the circuit court ended the hearing "without giving [her] the chance to sign the order and declare[d] that she 'signed and disagreed.'" Upon review of the record, we find that mother endorsed the final order, but she did not note any objections. The record does not indicate that the circuit court prevented mother from noting her objections on the order.

[5] Mother filed a motion to reconsider, but she did not allege that the circuit court erred by not allowing her to present evidence. We note that although the clerk's office stamped the motion to reconsider as "Received," it was among several documents that mother submitted that the circuit court clerk's office did not "accept for filing" under the circuit court's preauthorization order. The circuit court did not rule on mother's motion to reconsider or issue an order regarding the filing of her documents. Since mother did not obtain a ruling, "there is no ruling for [this Court] to review." See Fisher v. Commonwealth, 16 Va. App. 447, 454 (1993).

Accordingly, we affirm the circuit court's ruling. Both parties ask this Court to award them attorney's fees and costs incurred on appeal.[6] See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman, 68 Va. App. at 545. Mother was *pro se* and did not incur appellate attorney's fees; therefore, we deny her request for attorney's fees and costs. Having reviewed and considered the entire record in this case, we hold that father is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by father in this appeal. Rule 5A:30(b).

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing.

Affirmed and remanded.

---

[6] We deny father's request to order mother to pay the guardian *ad litem*'s fees; however, we note that the guardian *ad litem* may file a motion with this Court for payment of fees incurred on appeal.