COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Huff and Callins

TRAMIL JACKSON

v.      Record No. 0984-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 24, 2023

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

(Marlene A. Harris, on brief), for appellant. Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.

Tramil Jackson entered conditional guilty pleas to charges of possessing a controlled

substance with intent to distribute, simultaneously possessing a controlled substance and a

firearm, and two counts of contributing to the delinquency of a minor, in violation of Code

§§ 18.2-248, -308.4, and -371. On appeal, he contends that the trial court erred in denying his

pretrial motion to suppress evidence seized as a result of a search warrant. The trial court denied

the motion "for the reasons stated [on] the record" at the suppression hearing. However, due to a

break in the audio transcript of the hearing, the transcript does not contain the grounds for the

trial court's ruling or any of its related findings of fact. The appellant did not file a written

statement of facts to supplement the record. *See* Rule 5A:8. We conclude that this missing

portion of the transcript is indispensable to resolving the sole assignment of error. As a result, we

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

cannot reach his assignment of error. *See id.* Consequently, we hold that the appeal is wholly without merit and affirm the trial court's judgment.[1]

BACKGROUND

On August 15, 2019, Petersburg Special Investigations Officer D. Dean presented the magistrate with an affidavit to obtain a search warrant for the appellant's residence in Petersburg for items related to the distribution of controlled substances. The affidavit provided that Officer Dean had received information from two confidential informants in the preceding two months that the appellant was selling cocaine and marijuana from his residence.

According to the affidavit, within the previous 60 days, the first confidential informant advised Dean that he or she saw the appellant sell "a large amount of suspected cocaine" at the residence. Officer Dean followed up by having that informant conduct "a [c]ontrolled narcotics buy." The informant and the appellant arranged a meeting at a different location and then "exchanged the . . . [c]urrency for suspect[ed] cocaine." The confidential informant "then traveled back to" Officer Dean and "handed over the suspected cocaine."

Officer Dean further averred that "[w]ithin the last 24 hours," he received information from a second confidential informant pertaining to the appellant's criminal activities. The second confidential informant told Dean that the appellant "was selling illegal narcotics out of" the residence, that the informant bought suspected marijuana at the residence, and that the informant "observed a large amount of suspected marijuana in" the appellant's possession.

In addition, Officer Dean indicated in the affidavit that law enforcement records reflected that the appellant "was currently [w]anted" on an outstanding capias. The affidavit further noted that the appellant had two previous drug-related convictions.

---

[1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

The magistrate issued the requested search warrant, and Officer Dean executed it five days later, on August 20, 2019, seizing narcotics and a firearm from the residence.

The appellant made a motion to suppress the evidence, contending that the search warrant affidavit entirely lacked probable cause and did not support application of the good faith exception. He further contended that "[a]lthough the affidavit used to obtain the search warrant specified the time period in which the police obtained information, it did not specify the time period in which the confidential informant(s) themselves witnessed the alleged narcotics dealing."

At the suppression hearing, the appellant argued that the information about the alleged drug transactions was stale and thus did not establish a nexus between the residence and controlled substances. The Commonwealth countered that, considering the information in the affidavit as a whole and giving due deference to the issuing magistrate's probable cause determination, the warrant was valid. Further, the Commonwealth argued alternatively that the exclusionary rule did not apply because the affidavit contained sufficient indicia of probable cause to allow Officer Dean to rely on the magistrate's determination.

The trial court denied the motion to suppress. In an order entered February 24, 2022, the court noted its denial was "for the reasons stated to the record."

Following the decision, the appellant entered conditional guilty pleas, reserving his right to appeal the suppression ruling. The trial court found the appellant guilty and sentenced him to 10 years and 24 months in prison with 8 years and 30 months suspended.

ANALYSIS

The appellant argues that the trial court should have granted his motion to suppress because the search warrant was not supported by probable cause and the good-faith exception to the exclusionary rule did not apply.

An appellant bears the burden of supplying this Court with an adequate record to evaluate his claim. If "the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *accord Bay v. Commonwealth*, 60 Va. App. 520, 528-29 (2012).

The trial court's order reflects it denied the appellant's motion to suppress for "the reasons stated to the record." The record before this Court, however, does not contain any of the court's factual findings underpinning its ruling. In fact, the relevant portion of the transcript contains only the following information: "NOTE: SHORT BREAK IN THE AUDIO TRANSCRIPT HERE." The appellant did not file a written statement of facts to supplement the record. *See* Rule 5A:8(c).

Accordingly, we must consider whether the missing portion of the transcript is indispensable to resolving the assignment of error. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

The Court concludes in this case that a transcript or written statement of facts containing the grounds for the trial court's ruling and its underlying factual findings is indispensable to resolving the appellant's assignment of error challenging the denial of his motion to suppress. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). The appellate court reviews de novo the overarching question of whether a search or seizure violated the Fourth Amendment. *Glenn v. Commonwealth*, 275 Va. 123, 130 (2008). Although the Court reviews de novo "the ultimate question[]" of probable cause, "we 'review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law

enforcement officers.'" *Long v. Commonwealth*, 72 Va. App. 700, 712 (2021) (second alteration in original) (footnote omitted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)). "It is the appellant's burden to show that when viewing the evidence" in the light most favorable to the prevailing party, "the trial court committed reversible error." *Aponte v. Commonwealth*, 68 Va. App. 146, 156 (2017) (quoting *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017)).

As noted above, the parties litigated two issues at the suppression hearing: whether the warrant was supported by probable cause and, if it was not, whether the good-faith exception to the exclusionary rule applied. *See generally United States v. Leon*, 468 U.S. 897, 923 (1984) (explaining that a warrant cannot be relied on in good faith if it lacks indicia of probable cause). The record before this Court does not contain the grounds for the trial court's ruling. It is true that "[a]n appellate court is not limited to the grounds offered by the trial court in support of its decision, and it is 'entitled to affirm the court's judgment on alternate grounds, *if such grounds are apparent from the record*.'" *Perry v. Commonwealth*, 280 Va. 572, 582 (2010) (quoting *MM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 536 (4th Cir. 2002) (emphasis added)). "In order for a reviewing court to apply this legal principle, certain conditions must be met." *Vandyke v. Commonwealth*, 71 Va. App 723, 731-32 (2020). The first condition is that the record must reflect that the "evidence necessary to that ground was before the [trial] court." *Banks v. Commonwealth*, 280 Va. 612, 617 (2010). The second condition, critical to our ability to resolve the issue in this appeal, is that "if that evidence was conflicting, then the record must show how the . . . court resolved the dispute." *Id.*

Due to the missing portion of the transcript, this Court does not know what factual findings the trial court made related to its order denying the appellant's motion to suppress. Although we review all legal issues de novo, we must defer to the trial court's factual findings unless those findings are clearly erroneous. *See Long*, 72 Va. App. at 712. Given the current

state of the record, we lack the necessary information to determine the trial court's factual findings to which deference is owed. Requiring this Court to engage in guesswork does not satisfy the appellant's burden to supply the appellate court with an adequate record to evaluate his claim. *Cf. Tynes v. Commonwealth*, 49 Va. App. 17, 22 (2006) (noting the requirement of a proper proffer, even if the Court is "not totally in the dark" concerning the nature of the claim).

The appellant failed to ensure that the record contains the material necessary to permit the Court to resolve the sole assignment of error he presents on appeal. *See* Rule 5A:8(b)(4)(ii). Consequently, we cannot consider it and affirm the judgment of the trial court. *See Browning v. Browning*, 68 Va. App. 19, 30 (2017) (holding that a Rule 5A:8 error requires affirmance rather than dismissal because it is non-jurisdictional).

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment. We remand the matter to the trial court for the sole purpose of correcting a clerical error in the sentencing order.[2]

*Affirmed and remanded.*

---

[2] The sentence summary in the final sentencing order inconsistently tallies the suspended portion of the sentence as 3 years and 30 months. We remand to the trial court for the limited purpose of correcting this inconsistency in the final sentencing order. *See* Code § 8.01-428(B) (governing the correction of clerical errors by the trial court).