COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Russell
Argued at Lexington, Virginia

ROBERT McKINLEY BLANKENSHIP

                                                            OPINION BY
v.        Record No. 1366-17-3              JUDGE MARY GRACE O'BRIEN
                                                         FEBRUARY 5, 2019
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Richard C. Patterson, Judge

Carletta J. Faletti (Faletti & Gonzalez, PLLC, on briefs), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Elizabeth Kiernan Fitzgerald, Assistant
Attorney General, on brief), for appellee.


Robert McKinley Blankenship ("appellant") was convicted by a jury of the following

offenses:  attempted rape, in violation of Code §§ 18.2-61 and -26; indecent liberties, in violation of

Code § 18.2-370(A)(1); abduction with the intent to defile, in violation of Code § 18.2-48; assault

and battery, in violation of Code § 18.2-57; and contributing to the delinquency of a minor, in

violation of Code § 18.2-371.  The court imposed the jury's sentence of thirty-two years of

incarceration and a $5,000 fine that was suspended in its entirety.  Appellant asserts the following

assignment of error:

> The trial court committed an abuse of discretion by allowing
> evidence of the appellant's prior conviction to be admitted into
> evidence in the Commonwealth's case in chief, over the objections
> of [a]ppellant's counsel, without having received a proffer as to the
> facts of the prior conviction and without any knowledge of the
> similarities or differences of the prior conviction in comparison to the
> case on appeal, therefore the [c]ourt failed to apply the requisite
> balancing test to determine if the probative value of the evidence
> outweighed the prejudicial effect; said evidence having been offered

PUBLISHED

for the sole purpose of inflaming the jury in such a manner as to cause a miscarriage of justice.

We find that the court did not abuse its discretion in admitting the evidence and affirm appellant's convictions.

## FACTUAL BACKGROUND

On July 9, 2012, appellant asked B.S., his neighbor's fourteen-year-old daughter, to accompany him to the bank so he could withdraw money to pay her younger siblings for cleaning his house. Appellant was forty-eight years old.

Appellant stopped at a convenience store on the way to the bank and purchased a six-pack of beer, cigarettes, and an energy drink. He gave the cigarettes and energy drink to B.S. and opened a can of beer for himself. After leaving the bank, he told B.S. to drive the car, although she did not have a driver's license or a learner's permit.

At appellant's direction, B.S. drove to Walmart. Once inside the store, appellant repeatedly grabbed B.S.'s hand and wrist, despite her attempts to pull away. After B.S. began looking at a pair of sunglasses, appellant removed the price tag, put them on his head, and left the store without paying for the glasses. B.S. testified that she was afraid, but did not seek help from anyone in the store because she thought appellant might have a weapon.

Rather than returning home, appellant told B.S. to drive to an isolated area because he wanted to show her a "piece of chimney" from an old building. B.S. did not want to follow appellant's directions but complied because she was still afraid. Appellant eventually had B.S. stop the car, and he led her down a gravel road on foot while he drank two more beers. When they arrived at the chimney, appellant undressed and took B.S.'s shirt off. She struggled, and appellant held her around the neck as he unsuccessfully attempted to remove more of her clothing. B.S. was upset and crying. Appellant stopped at that point and put his clothes back on. B.S. also put her shirt on. They walked back to the car, and appellant instructed B.S. to drive. B.S. drove home, got out of

- 2 -

the car, and reported the incident to her mother. A grand jury subsequently indicted appellant of the criminal offenses, and trial was ultimately set for July 21, 2015.

PROCEDURAL HISTORY

On May 11, 2015, pursuant to Code § 18.2-67.7:1, the Commonwealth filed a notice of its intention to introduce appellant's prior conviction from North Carolina at trial. The conviction order reflected that on January 14, 1999, appellant pled guilty to a charge of indecent liberties with a child. The Commonwealth also filed a copy of an indictment charging appellant with the offense. It provided, in relevant part, that appellant

> unlawfully, willfully, and feloniously did take and attempt to take immoral, improper, and indecent liberties with the child . . . for the purpose of arousing and gratifying sexual desire and did commit and attempt to commit a lewd and lascivious act upon the body of the child . . . . At the time of this offense, the child . . . was under the age of 16 years and the defendant . . . was over 16 years of age and at least five years older than the child.

Additionally, the Commonwealth attached a copy of the police report detailing the facts of the case. This report reflected that on multiple occasions appellant masturbated in front of the victim, a friend's seven-year-old daughter, when he drove her to school.

On July 20, 2015, the court heard argument concerning the admissibility of the prior conviction. Appellant objected on the grounds that the conviction "would serve no purpose other than to prejudice the jury or inflame the jury in regard to the facts the jury is to consider in determining [his] guilt or innocence." The court ruled that the Commonwealth could introduce the prior conviction order, but by agreement of the parties, the court excluded the factual circumstances of the prior conviction.

The next day, immediately before trial, appellant renewed his objection, contending that under Virginia Rule of Evidence 2:403 the probative value of the conviction was outweighed by its prejudicial effect. The Commonwealth responded that Rule 2:403 requires a "weigh[ing] process"

which the court conducted on July 20, and "the balancing falls in favor of the Commonwealth." The court overruled appellant's objection and reasoned

> [o]bviously the General Assembly has made a special provision for this and obviously one of the charges that [appellant] has today is the same charge for which the Commonwealth is attempting to introduce so I think that kind of goes more to the weight of introduction.

The Commonwealth introduced the prior conviction at trial.[1]

ANALYSIS

Appellant asserts that the court erred by admitting the North Carolina conviction without applying the requisite balancing test to determine if the probative value of the evidence outweighed the prejudicial effect. "Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" Michels v. Commonwealth, 47 Va. App. 461, 465 (2006) (quoting Breeden v. Commonwealth, 43 Va. App. 169, 184 (2004)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21 (2006) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, adopted upon reh'g en banc, 45 Va. App. 811 (2005)). However, we review issues of statutory construction de novo. Kozmina v. Commonwealth, 281 Va. 347, 349 (2011).

This case requires our Court to interpret Code § 18.2-67.7:1, enacted by the General Assembly in 2014. 2014 Va. Acts ch. 782. In full, the statute provides as follows:

> A. In a criminal case in which the defendant is accused of a felony sexual offense involving a child victim, evidence of the defendant's conviction of another sexual offense or offenses is admissible and may be considered for its bearing on any matter to which it is relevant.

---

[1] Although the court initially admitted the prior conviction, it subsequently instructed the jury that it was not proof of guilt. For purposes of this appeal, we assume without deciding that the resulting confusion might have led the jury to consider the prior conviction as evidence of guilt. Accordingly, we address the initial ruling on the admission of the prior conviction.

B. The Commonwealth shall provide to the defendant 14 days prior to trial notice of its intention to introduce copies of final orders evidencing the defendant's qualifying prior criminal convictions. Such notice shall include (i) the date of each prior conviction, (ii) the name and jurisdiction of the court where each prior conviction was obtained, and (iii) each offense of which the defendant was convicted. Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the final orders that it intends to introduce.

C. This section shall not be construed to limit the admission or consideration of evidence under any other section or rule of court.

D. For purposes of this section, "sexual offense" means any offense or any attempt or conspiracy to engage in any offense described in Article 7 (§ 18.2-61 et seq.) of Chapter 4 or § 18.2-370, 18.2-370.01, or 18.2-370.1 or any substantially similar offense under the laws of another state or territory of the United States, the District of Columbia, or the United States.

E. Evidence offered in a criminal case pursuant to the provisions of this section shall be subject to exclusion in accordance with the Virginia Rules of Evidence, including but not limited to Rule 2:403.

Code § 18.2-67.7:1. Effective July 1, 2014, the Supreme Court also adopted Rule 2:413 to implement the provisions of Code § 18.2-67.7:1. The language of this rule mirrors the language of Code § 18.2-67.7:1 verbatim. Rule 2:413.

Generally, evidence of a defendant's other criminal acts is "inadmissible to prove guilt of the crime for which the accused is on trial, even if the other crimes are of the same nature as the crime charged in the indictment." Gonzales v. Commonwealth, 45 Va. App. 375, 380 (2005). However,

if legitimate probative value of such proof outweighs its incidental prejudice, such evidence is admissible if it tends to prove any relevant fact pertaining to the offense charged, such as where it is relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or if they are part of a common scheme or plan.

Va. R. Evid. 2:404(b).

To address appellant's assignment of error, we must first determine whether Code § 18.2-67.7:1 provides an exception to the general rule against propensity evidence. Because this issue is one of first impression, this Court may seek guidance from the Federal Rules of Evidence. See Morgan v. Commonwealth, 50 Va. App. 369, 377 (2007) ("As no Virginia case was discovered dealing with the circumstance of a deported witness, potential guidance is found in federal jurisprudence."). See also Cousins v. Commonwealth, 56 Va. App. 257, 291 & n.5 (2010) (relying on a United States Supreme Court case as support for an evidentiary ruling and stating that "[a]lthough [the case] was decided under the Federal Rules of Evidence, the federal evidentiary rules the Court considered all have similar counterparts in Virginia law").

Federal Rule of Evidence 414 is analogous to Code § 18.2-67.7:1 and Rule 2:413. Federal Rule 414 provides in pertinent part:

> (a) Permitted Uses. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.
>
> . . . .
>
> (c) Effect on Other Rules. This rule does not limit the admission or consideration of evidence under any other rule.

Federal courts have interpreted this rule as allowing "the admission of evidence for the purpose of establishing propensity to commit other sexual offenses." United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007). The admission of propensity evidence under Federal Rule 414 is subject to the balancing test in Federal Rule 403 that requires the exclusion of evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

Like Federal Rule 414, Code § 18.2-67.7:1 and Rule 2:413 provide that a defendant's prior sexual offense conviction may be considered "on any matter to which it is relevant" and is also subject to a balancing test set forth in Rule 2:403. Accordingly, convictions for prior felony sexual

offenses against minors are excluded only if the "probative value of the evidence is substantially outweighed by . . . the danger of unfair prejudice." Va. R. Evid. 2:403. To make this determination, trial courts are entitled to consider underlying details of the prior conviction, although only the mere conviction order is admissible into evidence under Code § 18.2-67.7:1 and Rule 2:413.

Under familiar principles of statutory interpretation, appellate courts "determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." Wright v. Commonwealth, 278 Va. 754, 759 (2009). "We also presume that, in choosing the words of the statute, 'the General Assembly acted with full knowledge of the law in the area in which it dealt.'" Turner v. Commonwealth, 295 Va. 104, 109 (2018) (quoting Philip Morris USA Inc. v. Chesapeake Bay Found., Inc., 273 Va. 564, 576 (2007)).

Applying these principles, we find that Code § 18.2-67.7:1 and its parallel Rule 2:413 provide an exception to the general prohibition against introduction of "other crimes, wrongs, or acts" as set out in Rule 2:404(b). Rule 2:404(b), amended simultaneously with the effective date of Rule 2:413, states that "*[e]xcept as provided in Rule 2:413 or by statute*, evidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith." (Emphasis added). The language of Code § 18.2-67.7:1 changed the general prohibition against character evidence to prove propensity by creating a narrow exception in child sexual abuse cases. Upon proper notice by the Commonwealth, Code § 18.2-67.7:1 and Rule 2:413 permit the admission of evidence in the form of a defendant's prior conviction in prosecutions for felony sexual offenses against a child "for the purpose of establishing propensity to commit other sexual offenses." Kelly, 510 F.3d at 437.

"Legislation is presumed to effect a change in the law unless there is clear indication that the General Assembly intended that the legislation declare or explain existing law." Chappell v.

Perkins, 266 Va. 413, 420 (2003). Code § 18.2-67.7:1 is one of several statutes enacted to provide protections for minors who are victims of a crime. See, e.g., Code § 19.2-268.3 (allowing admission of hearsay statements by child victims in certain situations); Code § 18.2-359(D) (expanding venue in prosecutions for sexual assaults of minors); Code § 18.2-67.9 (allowing child to testify by two-way closed-circuit television in certain circumstances).

In his brief, appellant contends that Code § 18.2-67.7:1 does not provide a "special exception" to the evidentiary rules, particularly Rule 2:403, which requires the court to weigh the probative value against any undue prejudice when determining the admissibility of any evidence. He also asserts that the Commonwealth failed to provide the court with sufficient information to adequately conduct the balancing test required by Rule 2:403.

Appellant is correct that the constraints of Rule 2:403 still apply to the admission of prior convictions under Code § 18.2-67.7:1 and Rule 2:413. Indeed, all relevant evidence is subject to a balancing test to assess the probative value against any undue prejudicial effect. See Spencer v. Commonwealth, 240 Va. 78, 90 (1990). However, the record belies appellant's assertion that the court failed to conduct the requisite balancing test. The Commonwealth's notice of its intention to introduce the prior conviction, filed more than the required fourteen days before trial, attached not only the North Carolina conviction order, but also the indictment to which appellant pled guilty. The notice also included the police report detailing the circumstances of the offense, based on interviews with the victim, appellant, and other witnesses. During the hearing on the day before trial concerning admissibility of the conviction, counsel and the court agreed that police reports describing the underlying facts of the prior conviction would not be admitted into evidence. Clearly the court had the opportunity to review the police reports and other relevant documentation about the prior conviction before making its ruling to allow admission of the conviction order.

Although the court did not specifically enumerate the factors it considered when conducting the Rule 2:403 balancing test, the Commonwealth alluded to the court conducting a "weigh[ing] process" when appellant renewed his objection on the morning of trial. The court responded that "[o]bviously the court dealt with this matter" at the hearing the day before. The "judge is presumed to know the law and to apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 62 (2007) (quoting Crest v. Commonwealth, 40 Va. App. 165, 172 n.3 (2003)).

Further, the record supports the court's decision that the probative value of the prior conviction outweighed the danger of unfair prejudice. In conducting this test, the court was entitled to consider the indictment, police report, and witness statements from the prior conviction that the Commonwealth attached to its notice. These documents indicated that both cases involved appellant exposing himself to the minor child of an acquaintance, and in both cases he used a vehicle to facilitate the offense. In each case, the female victim was significantly younger than appellant and was dependent on appellant for transportation, thereby limiting the opportunity to escape. By considering these background facts, and accepting the parties' stipulation to exclude them from the jury's consideration, the court as the evidentiary gatekeeper did not err in finding that the prior conviction was highly probative of appellant's propensity to commit the crime charged in this case and that this probative value outweighed the risk of any unfair prejudice.

Two months before trial, the Commonwealth filed a notice of intent to introduce appellant's prior conviction. It attached the relevant documents necessary for the court to decide whether the conviction constituted proper propensity evidence under Code § 18.2-67.7:1. The court conducted a hearing, considered the proffered evidence, and heard argument from both parties concerning the prior conviction's admissibility. The court found the prior conviction was admissible and reiterated

its reasoning before the trial began.  For the foregoing reasons, we find that the court did not abuse

its discretion in admitting the evidence, and we affirm appellant's convictions.

Affirmed.