COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, O'Brien, and Senior Judge Frank
Argued by teleconference


JOHN JAMES AGGAR

MEMORANDUM OPINION[*] BY
v.      Record No. 1605-18-1          JUDGE ROBERT P. FRANK
JULY 7, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Sarah R. Murphy, Assistant Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


John James Aggar, appellant, was convicted in a bench trial of two counts of forcible

sodomy in violation of Code § 18.2-67.1(A)(1), object sexual penetration in violation of Code

§ 18.2-67.2(A)(1), and custodial indecent liberties in violation of Code § 18.2-370.1(A)(vi). On

appeal, appellant challenges the admissibility of a Virginia Beach 1988 conviction order for rape

and crimes against nature, contending the trial court failed to conduct a meaningful unfair

prejudice analysis. For the reasons stated, we affirm those convictions.

BACKGROUND

We only state the facts relevant to this analysis. We review the evidence in the light most

favorable to the prevailing party (the Commonwealth) and "accord the Commonwealth the

benefit of all inferences fairly deductible from the evidence." Riner v. Commonwealth, 268 Va.

296, 303 (2004).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the time of the initial abuse, which began in May 2008, the victim was ten and eleven years old.[1]  Appellant was in a romantic relationship with the victim's mother and shared a residence with the victim and her mother.  In May 2009, appellant touched the victim's breast, pulled her underwear to the side, and began "playing with the lips of [the victim's] vagina" with his fingers.  The victim resisted appellant's efforts to perform oral sex on her.  This incident ended when the victim's mother walked into the room.

The victim's mother, L.G., testified as to the same incident.  She went downstairs and observed appellant "down on the ground in between [the victim's] legs, and he had his hand underneath [the victim's] blanket."  Appellant denied any wrongdoing.

On other occasions, when the victim was ten or eleven years old, appellant forced the victim to perform oral sex on him.  He often forced the victim to watch pornography with him, during which time he inserted his fingers in the victim's vagina or performed oral sex on her.  This abuse occurred as often as three to four times per week.

Appellant's Virginia Beach 1988 conviction order for rape and crimes against nature was admitted into evidence over appellant's objection.  The order lists the offenses and contains the sentences imposed.  There was no evidence about the facts of the underlying case or any similarities between the 1988 case and the instant case.

Appellant argued the trial court was required to evaluate whether admission of that conviction order was unfairly prejudicial.  The trial court admitted the prior convictions.  This appeal follows.

ANALYSIS

On appeal, appellant challenges the admissibility of his Virginia Beach 1988 convictions.  He contends the trial court erred in interpreting Code § 18.2-67.7:1 in admitting the prior

---

[1] The victim's birth date was May 28, 1997.

convictions. Specifically, he contends that since there was no evidence of the underlying facts of the convictions, there was no evidence of similarity between the prior convictions and the instant case. Further, he contends the trial court made no evaluation whether the prior convictions were unfairly prejudicial, particularly due to the remoteness in time (about twenty years before the date of the instant offenses) of the prior convictions.

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" Blankenship, 69 Va. App. 692, 697 (2019) (quoting Michels v. Commonwealth, 47 Va. App. 461, 465 (2006)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Id. (quoting Tynes v. Commonwealth, 49 Va. App. 17, 21 (2006)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Williams v. Commonwealth, 71 Va. App. 462, 487 (2020) (quoting Thomas v. Commonwealth, 62 Va. App. 104, 111-12 (2013)). Issues of statutory interpretation, however, are questions of law, which are reviewed *de novo*. Alvarez Saucedo v. Commonwealth, 71 Va. App. 31, 45 (2019).

While generally "[a]ll relevant evidence is admissible," Va. R. Evid. 2:402(a), "[r]elevant evidence may be excluded if . . . the probative value of the evidence is *substantially outweighed* by . . . the danger of the unfair prejudice." Va. R. Evid. 2:403(a)(i) (emphasis added). Rule 2:401 defines relevant evidence as "evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence."

Code § 18.2-67.7:1(A) states: "In a criminal case in which the defendant is accused of a felony sexual offense involving a child victim, evidence of the defendant's conviction of another sexual offense or offenses is admissible and may be considered for its bearing on any matter to which it is relevant." "Evidence offered in a criminal case pursuant to the provisions of this

section shall be subject to exclusion in accordance with the Virginia Rules of Evidence, including but not limited to Rule 2:403."  Code § 18.2-67.7:1(E).

Nowhere in Code § 18.2-67.7:1 does the statute require a time element, or a similarity of facts.  Thus, we conclude appellant's argument is limited to whether the introduction is relevant and whether prejudice outweighs probative value.

Rule 2:403 states:

> Relevant evidence may be excluded if:
>
> (a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact; or
>
> (b) the evidence is needlessly cumulative.

Code § 18.2-67.7:1 only requires three elements:  a felony sexual offense involving a child, and relevancy, if the probative value is not substantially outweighed by the danger of unfair prejudice and its introduction will not likely confuse or mislead the trier of fact or the evidence is not needlessly cumulative.

"The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court."  Commonwealth v. Proffitt, 292 Va. 626, 635 (2016) (quoting Ortiz v. Commonwealth, 276 Va. 705, 715 (2008)).  When balancing these considerations, it is of course true that "all probative direct evidence generally has a prejudicial effect to the opposing party."  Lee v. Spoden, 290 Va. 235, 251 (2015).  Thus, the relevant question is "whether the probative value of the evidence is substantially outweighed by its *unfair or unduly* prejudicial effects."  Id. at 252.

"'[U]nfair prejudice' refers to the tendency of some proof to inflame the passions of the trier of fact, or to invite decision based upon a factor unrelated to the elements of the claims and defenses in the pending case."  Id. at 251.  The term "unfair prejudice"

speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt [or liability] on a ground different from proof specific to the [case elements]. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

Id. at 251-52 (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997) (construing the federal analogue to Va. R. Evid. 2:403)).

Appellant cites Blankenship to support his position. There, Blankenship was charged with attempted rape, indecent liberties, and other offenses against a young child. Blankenship challenged the introduction of a North Carolina conviction for taking indecent liberties with a child, contending the trial court failed to apply the requisite balancing test to determine if the probative value of that conviction outweighed the prejudicial effect. In addition to the prior conviction order, the trial court had before it a police report detailing the underlying facts of the offenses, and the indictment. We held that in conducting the balancing test, the trial court was entitled to also consider the indictment and the police report. Blankenship, 69 Va. App. at 702. Here, appellant contends that only the conviction and sentencing order were before the court. Therefore, the trial court could not determine whether there were any similarities between the present offense and the prior convictions.

Contrary to appellant's argument, Blankenship does not impose additional requirements to Code § 18.2-67.7:1. It simply held the Court could consider similarity of the offenses and remoteness in time in conducting the balancing test. Id.

In Blankenship, we held Code § 18.2-67.7:1 provides an exception to the general rule against propensity evidence, i.e. evidence that shows the defendant has a propensity to commit that crime. Id. at 700. However, Rule 2:403(a) still requires the trial court to conduct a balancing test. Id. at 701. Here, appellant contends the trial court failed to conduct the requisite "balancing test."

- 5 -

Assuming, without deciding, the trial court erred in admitting the prior convictions, we are confident the error, if any, was harmless when considered in the context of the entire case. See Montgomery v. Commonwealth, 56 Va. App. 695, 704 (2010). "As appellant raises a challenge related to the admissibility of evidence, '[w]e examine this claim under the standard for non-constitutional harmless error.'" Schmuhl v. Commonwealth, 69 Va. App 281, 307-08 (2018) (quoting Salahuddin v. Commonwealth, 67 Va. App. 190, 211-12 (2017)), aff'd, 298 Va. 131 (2019); see Carter v. Commonwealth, 293 Va. 537, 544-46 (2017) (applying a non-constitutional standard to determine that any error was harmless that the trial court committed in refusing to admit certain evidence supporting a defendant's claim of self-defense).

The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

"[A] harmless error analysis . . . [is not] simply a sufficiency of the evidence analysis." Williams v. Commonwealth, 32 Va. App. 395, 400 (2000) (*en banc*) (quoting Hooker v. Commonwealth, 14 Va. App 454, 458 (1992)). "[I]t is 'the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless[.]'" Commonwealth v. White, 293 Va. 411, 420 (2017) (quoting United States v. Hasting, 461 U.S. 499, 509 (1983)).

In Clay v. Commonwealth, 262 Va. 253, 260 (2001) the Supreme Court of Virginia adopted the test for non-constitutional error expressed in Kotteakos v. United States, 328 U.S. 750 (1946).

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But, if one cannot say, with fair assurance, after pondering all that happened without stripping the

> erroneous action from the whole, that judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Id. at 260 (quoting Kotteakos, 328 U.S. at 764-65).

Here, the victim's testimony of the 2009 incident while she was asleep in a recliner was corroborated by the victim's mother who observed appellant on the ground between the victim's legs with his hand underneath her blanket. The trial court found the victim to be "very credible," but found appellant's testimony not "particularly credible." "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Flanagan v. Commonwealth, 58 Va. App. 681, 701-02 (2011) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138 (1995)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Id. at 702 (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10 (1998)). Further, the trial court, while considering the prior convictions, concluded that the order was "almost surplusage," essentially concluding that the prior convictions had very little impact on the trial court's findings.

We conclude that, based on the totality of the circumstances, when all is said and done, the introduction of the prior convictions did not influence the trial court. Any error was harmless. We affirm the decision of the trial court.

Affirmed.