COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Senior Judges Annunziata, Frank and Petty

ROBERT SHERMAN HENDRICKS

                                        MEMORANDUM OPINION*
v.        Record No. 0939-21-2                   PER CURIAM
                                        MAY 31, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF MADISON COUNTY
David B. Franzen, Judge

(Ryan J. Rakness; Rakness & Wright PLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Counsel for Robert Sherman Hendricks filed a brief on his behalf accompanied by a motion

for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).  A copy

of that brief has been furnished to Hendricks with sufficient time for him to raise any matter that

he chooses.  Hendricks has not filed any supplemental pleadings.  After examining the briefs and

record in this case, we affirm the trial court's judgment.  We unanimously hold that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Hendricks entered an *Alford* [1] plea to one count of felony contractor fraud.  In a written plea

agreement, the Commonwealth agreed to move to defer sentencing for six months and Hendricks

agreed to pay restitution to the victim.  The circuit court accepted Hendricks's plea and convicted

him by order entered June 24, 2020; it set a sentencing hearing for January 6, 2021.  Hendricks did

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

not appear at the sentencing hearing, and a grand jury later indicted him for failure to appear. Hendricks pled guilty to the failure to appear charge. On August 11, 2021, the circuit court entered a final order sentencing Hendricks to a term of twenty years' imprisonment for the contractor fraud conviction, with fifteen years suspended, and six months' suspended sentence for the failure to appear conviction. Hendricks appeals.

ANALYSIS

In a single assignment of error, Hendricks asserts that the circuit court erred by admitting a July 26, 2021 supplement to the presentence report. In the supplemental report, the probation officer added information relating to the failure to appear conviction to the report previously prepared for the original contractor fraud conviction. Hendricks argues that the probation officer did not seek his version of events about the failure to appear charge to include in the supplemental report, thereby depriving him of a proper sentencing. Hendricks alleges that his counsel preserved this issue for appeal by objecting at the sentencing hearing and asking that the supplemental report be excluded.

"Decisions as to the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Morgan v. Commonwealth*, 73 Va. App. 512, 522 (2021) (quoting *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019)). A circuit court may abuse its discretion in one of three principal ways: "(1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) when the circuit court, while weighing 'all proper factors,' commits a clear error of judgment." *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)). "That standard means that the circuit court judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Id.* (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753,

*adopted upon reh'g en banc*, 45 Va. App. 811 (2005).  It also "necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)).

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  Although Hendricks alleges that his assignment of error was preserved by his counsel's timely objection at the sentencing hearing, we are unable to determine whether his counsel objected on this ground because the record on appeal does not contain a timely-filed transcript of that hearing.[2]

We are also unable to determine what reasoning the circuit court may have articulated when overruling such an objection, if one was made.  Accordingly, the transcript of the hearing is indispensable to review the basis of the circuit court's ruling.  *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986).

Hendricks failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript, necessary to permit us to resolve his assignment of error.  Rule 5A:8(b)(4)(ii).  Therefore, we cannot address the merits of that assignment of error.  *Id.*

---

[2] The circuit court entered its final order on August 11, 2021.  Under Rule 5A:8(a) a transcript must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment."  Hendricks filed the transcript of the sentencing hearing on October 18, 2021.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed. We deny counsel's motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records reflect that Ryan J. Rakness, Esquire, is counsel of record in this matter.

*Affirmed.*