COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Friedman and Chaney
Argued at Norfolk, Virginia


RAKEEM JA-HON HODGES

MEMORANDUM OPINION* BY
v.        Record No. 0830-22-1          JUDGE JUNIUS P. FULTON, III
                                        SEPTEMBER 19, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Taite A. Westendorf (Westendorf & Khalaf, PLLC, on brief), for
appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Rakeem Ja-Hon Hodges challenges his conviction following a jury trial for possessing a

firearm as a violent felon, in violation of Code § 18.2-308.2, and the trial court's revocation of

his previously suspended sentence.  Specifically, he argues that (1) the trial court erred by

admitting an unredacted copy of a sentencing order indicating that Hodges had been previously

convicted of a crime involving a firearm, (2) the evidence was insufficient to support his

conviction because the testimony of the Commonwealth's primary witness was inherently

incredible, and (3) the trial court erred by revoking his suspended sentence based on an

erroneous conviction for the firearm offense.  Finding no reversible error, we affirm.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

While on patrol on March 23, 2020, Virginia Beach Police Officer Eli Kendrick stopped a vehicle in which Hodges was a passenger for a non-operable third brake light.[1] Officer Kendrick approached the passenger side of the vehicle and asked Hodges to roll down the window; Officer Kendrick smelled marijuana once Hodges did so. Officer Kendrick asked Hodges to present his identification and exit the car. Hodges recorded the interaction on his cell phone, but no video was played at trial. Officer Kendrick did not have a body camera and was not issued one until February 2022. He also did not have a dashboard camera. After Hodges exited the car, Officer Kendrick attempted to place him in handcuffs "for [Hodges's] safety, [Officer Kendrick's] safety, and everyone's safety."[2] When Officer Kendrick grabbed Hodges's wrist, Hodges pushed away and ran.

---

[1] Hodges has not challenged the stop as a violation of Code § 46.2-1003(C), which went into effect on March 1, 2021.

[2] Officer Kendrick had not observed a firearm at that point and did not explain why he believed Hodges posed a safety risk.

As he chased Hodges, Officer Kendrick "clearly saw in the left part of [Hodges's] waist area an orange gun handle with a black magazine sticking out of the bottom of it." Hodges cut through an alleyway, and Officer Kendrick "lost sight of him for a few seconds." Next to the alleyway were backyards with privacy fences. After exiting the alleyway to the north, Hodges collapsed in a grassy area, where he was apprehended.[3]

When Officer Kendrick approached, he noticed Hodges no longer had the firearm. He handcuffed Hodges and placed him in the police car. The officers then searched the backyards adjacent to the alleyway along the path of pursuit. Virginia Beach Police Officer Michael Smith testified that Officer Kendrick informed him that they were searching for an orange firearm that Officer Kendrick had seen in Hodges's waistband. Officer Smith ultimately found the firearm on the ground in one of the backyards.[4] The ground was wet because it had recently rained, but the portion of the firearm not touching the ground was dry.

After locating the firearm, Officer Kendrick advised Hodges of his *Miranda*[5] rights. Hodges waived his rights and stated that the driver picked him up to smoke marijuana together and that Hodges noticed the gun between the seats in the car. When the officers stopped the vehicle, the driver told Hodges to place the gun in view but Hodges refused because he was a convicted felon and knew he could not possess a firearm. He explained that he took the gun and ran because he felt like he could escape. The police did not record Hodges's confession. Officer Kendrick testified that he took handwritten notes, which "could have been washed" or "be somewhere in a drawer," but that he typed the content of his notes into his formal police report.

---

[3] At trial, the Commonwealth submitted maps of the pursuit area.

[4] Officer Smith did not remember how many backyards they had searched.

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Officer Kendrick did not request testing of the gun for fingerprints or DNA because he "clearly saw the handgun in [Hodges's] . . . waistband." Scientific testing was done at Hodges's request but no usable DNA or fingerprints were recovered from the firearm. Jessica Landi, a forensic scientist specializing in latent fingerprints, testified that fingerprints are recovered from firearms only ten percent of the time. The police did not attempt to trace the gun, and the Commonwealth presented no evidence regarding the gun's owner.

The Commonwealth moved to submit a 2017 sentencing order reflecting that Hodges was convicted of "Robbery with Use of Gun or Simulated Gun," in violation of Code § 18.2-58, and "Conspiracy to Commit a Felony," in violation of Code §§ 18.2-22 and 18.2-58. Hodges objected, arguing that the trial court should redact the order's reference to a firearm on the grounds that the relevance of that information was substantially outweighed by the risk of unfair prejudice. The trial court overruled Hodges's objection and allowed the Commonwealth to submit the 2017 sentencing order. The trial court instructed the jury, however, that: "Evidence that the defendant was previously convicted of an offense involving a firearm is not proof that he possessed a firearm on March 23, 2020, and such evidence may not be considered by you in determining whether the defendant possessed a firearm on March 23, 2020."

The jury convicted Hodges of possessing a firearm as a violent felon, in violation of Code § 18.2-308.2. The trial court sentenced Hodges to the mandatory minimum sentence of five years' imprisonment. The trial court also revoked Hodges's previously suspended sentence based on this new conviction and resuspended all but one year of that sentence. Hodges appeals.

ANALYSIS

I.  Admission of the 2017 Sentencing Order

Hodges first argues that the trial court erred by not redacting the 2017 sentencing order to remove the reference to use of a firearm in that previous offense.  "It is well-settled that '[d]ecisions regarding the admissibility of evidence "lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."'"  *Nottingham v. Commonwealth*, 73 Va. App. 221, 231 (2021) (alteration in original) (quoting *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019)).  "A court has abused its discretion if its decision was affected by an error of law or was one with which no reasonable jurist could agree."  *Tomlin v. Commonwealth*, 74 Va. App. 392, 409 (2022).

In Virginia, "[a]ll relevant evidence is admissible."  Va. R. Evid. 2:402(a).  "[I]n determining whether [relevant] evidence should be admitted, the circuit court must apply a balancing test to assess the probative value of the evidence and its prejudicial effect."  *Lee v. Spoden*, 290 Va. 235, 251 (2015) (second alteration in original) (quoting *Gamache v. Allen*, 268 Va. 222, 227 (2004)).

Code § 18.2-308.2(A) makes it "unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm."  If that person "was previously convicted of a violent felony as defined in [Code] § 17.1-805," he or she is subject to "a mandatory minimum term of imprisonment of five years."  Code § 18.2-308.2(A).  Proof that the defendant committed a violent felony is "an additional element the Commonwealth is required to prove beyond a reasonable doubt to obtain an enhanced sentence."  *Boone v. Commonwealth*, 285 Va. 597, 601 (2013).

"In Virginia, non-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and

- 5 -

substantial justice has been reached.'" *Brown v. Commonwealth*, 68 Va. App. 746, 794 (2018) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1009 (1991) (en banc)). When the defendant has had a jury trial, "a reviewing court must decide whether the alleged error substantially influenced the jury." *Id.* (quoting *Clay v. Commonwealth*, 262 Va. 253, 259 (2001)). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." *Id.* (quoting *Lavinder*, 12 Va. App. at 1006).

Code § 17.1-805(C) provides that any violation of Code § 18.2-58 qualifies as a violent felony. Hodges argues that, because the 2017 sentencing order established a conviction under Code § 18.2-58, the order's reference to "Use of Gun or Simulated Gun" was irrelevant and unfairly prejudicial. We acknowledge the Commonwealth's argument that it "has the 'prerogative to prove' the elements of this offense, including the fact of the defendant's felony conviction, 'with its choice of the available evidence.'" (quoting *Boone v. Commonwealth*, 285 Va. 597, 601 (2013)). We likewise agree that "[a]n accused cannot . . . require the Commonwealth to pick and choose among its proofs, to elect which to present and which to forego." *Boone*, 285 Va. at 600 (second alteration in original). Nevertheless, assuming without deciding that the trial court erred in admitting the unredacted conviction order, we conclude that any conceivable error was harmless.

The trial court properly instructed the jury that it could not consider Hodges's previous conviction involving a firearm in determining whether Hodges possessed a firearm on the date of the offense. "Unless the record shows otherwise, . . . we presume that a jury follows an explicit cautionary instruction given by the trial court." *Riner v. Commonwealth*, 268 Va. 296, 317 (2004) (citing *LeVasseur v. Commonwealth*, 225 Va. 564, 589 (1983)); *see also Essex v. Commonwealth*, 18 Va. App. 168, 172 (1994) (holding that the trial court did not err by allowing

the Commonwealth to identify the defendant's prior conviction as murder and noting that any "prejudice may be alleviated by a jury instruction limiting the purpose for which the evidence is offered"). Nothing in the record indicates that the jury disregarded the trial court's cautionary instruction.[6] Accordingly, we presume that the jury followed the instruction, thus alleviating any possible unfair prejudice in the admission of the unredacted prior conviction order.

## II. Sufficiency of the Evidence

Next, Hodges argues that the evidence was insufficient to support his conviction because Officer Kendrick's testimony was inherently incredible. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact

---

[6] Hodges emphasizes the Commonwealth's repeated references to Hodges being a "convicted robber" in its closing argument. Hodges did not object to the prosecutor's references to him as a "convicted robber" during argument. Rather, he argued to the trial court that "[Code] § 18.2-58 captures th[e] fact [of a prior conviction for a violent felony]. The fact that it's a robbery captures that fact. . . . [T]here are two places on the sentencing order that say with a firearm. We are just asking that that firearm be redacted." Hodges concedes on appeal that he "did not seek to exclude that he had been convicted of robbery." Accordingly, Hodges did not preserve an objection to the Commonwealth referencing his robbery conviction. *See* Rule 5A:18. For purposes of the harmless error analysis, the Commonwealth could remind the jury that Hodges had a previous robbery conviction without contradicting the cautionary instruction because a previous conviction for a violent felony and possession of a firearm are separate elements that the Commonwealth was required to prove and the Commonwealth's closing argument did not exploit the actual evidence which Hodges argues was improper—the 2017 sentencing order's reference to a firearm.

at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify." *Maldonado v. Commonwealth*, 70 Va. App. 554, 562 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, this Court must accept 'the trial court's determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible."'" *Canada v. Commonwealth*, 75 Va. App. 367, 386 (2022) (quoting *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006)). "[W]e may only disturb the trial court's credibility determination if the evidence is 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Lopez v. Commonwealth*, 73 Va. App. 70, 84 (2021) (quoting *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald*, 295 Va. at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Hodges argues that Officer Kendrick's testimony was inherently incredible because he did not record and preserve corroborating evidence, such as video footage of the pursuit or his interview with Hodges. Hodges also asserts that Officer Kendrick's testimony was uncorroborated by any physical evidence recovered from the firearm. "Mere deficiencies in the police investigation, although relevant to the factfinder when weighing the evidence, do not make a witness' testimony so 'contrary to human experience' to be unbelievable." *Lambert v. Commonwealth*, 70 Va. App. 740, 759-60 (2019). Moreover, the Commonwealth provided explanations for the alleged deficiencies in Officer Kendrick's investigation; the persuasiveness

of those explanations was a matter for the fact finder.  Finally, Officer Kendrick's testimony was corroborated by Officer Smith's testimony that he was looking for an orange firearm based on Officer Kendrick having seen it in Hodges's waistband.  In short, Hodges has failed to prove that Officer Kendrick's testimony was inherently incredible, and a reasonable finder of fact could conclude beyond a reasonable doubt that Hodges was guilty of possessing a firearm after conviction of a violent felony.[7]

## III.  Revocation

Finally, Hodges argues that the trial court erred by revoking his previously suspended sentence based on the allegedly erroneous conviction of possession of a firearm.  Having concluded that conviction was not erroneous, we affirm the trial court's judgment finding him in violation of his probation, revoking his previously suspended sentence, and resuspending all but one year of his sentence.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

---

[7] Hodges does not contend that Officer Kendricks's testimony, if believed, was insufficient in conjunction with the Commonwealth's other evidence to establish the elements of the offense.