COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia


STEPHEN PAUL RABENDER, JR.

                                              MEMORANDUM OPINION* BY
v.      Record No. 0269-23-2                  JUDGE ROSEMARIE ANNUNZIATA
                                              APRIL 23, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L.A. Harris, Jr., Judge

(Katherine M. Coleman; Blackburn, Conte, Schilling & Click, P.C.,
on brief), for appellant. Appellant submitting on brief.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Stephen Paul Rabender, Jr., appeals his conviction and eight-year sentence for grand larceny

of a vehicle under Code § 18.2-95(ii). He argues that the trial court erred in admitting irrelevant

evidence, providing an overbroad jury instruction, and denying his motion to strike. We find no

error and affirm the judgment of the trial court.

                                    BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

At approximately 8:45 p.m. on December 21, 2021, Rabender fled from a Target store in Glen Allen to evade police detention. In the direction he fled, Susan Byerly lived in her townhouse; her home was less than a ten-minute walk from the Target. She arrived home around 9:00 p.m., parked her white Toyota Tacoma in her garage, and exited her garage without watching the garage door fully close. When she heard the garage door open several minutes later, she assumed it was a neighbor who had code access to her garage. Her remote garage door opener and EZ pass were inside her vehicle. At around 9:30 p.m. that night, her EZ pass was used at the intersection of Powhite Parkway and Midlothian Turnpike in Chesterfield County, 20 minutes from her home. Byerly was not driving her truck at that time, nor had she given anyone permission to drive the vehicle. She discovered her truck was missing from the garage the following morning.

Chesterfield police found Byerly's truck on January 7, 2022. A search of the vehicle uncovered court paperwork for a "Michelle Leake"; the document was a "Request for Appointment of a Lawyer" form and was dated December 22, 2021. While incarcerated, Michelle Leake made jail calls to a "Stephen Rabender." Leake "identified" as Rabender's wife. The document was entered into evidence over Rabender's objection.

Police detectives also located an ATM receipt dated January 2, 2022, and timestamped 5:41 p.m., in Byerly's truck; the receipt was from a Wawa store in Colonial Heights. Surveillance footage from that store captured part of the passenger side of a white, four-door Toyota pickup truck arriving there on January 2, 2022, at 5:39 p.m. The truck parked, and the front lights turned off; shortly after, Rabender walked from the direction of the truck and into the store. Surveillance footage recorded inside the Wawa showed Rabender use the ATM and walk from the store toward the truck; shortly after Rabender reached the truck, the truck left the lot. The surveillance footage did not show a passenger side door of the truck open while on the lot, nor did it record another person walk toward or away from the vehicle.

The circuit court denied Rabender's motion to strike and also overruled his objection to a jury instruction. The jury found Rabender guilty of grand larceny, and the trial court sentenced him to eight years of incarceration with four years suspended. This appeal followed.

ANALYSIS

I. Court Document Admissibility

Rabender first argues that the trial court erred in admitting the court document with the name "Michelle Leake" into evidence over his objection because the Commonwealth failed to establish any relevancy. "It is well-settled that '[d]ecisions regarding the admissibility of evidence "lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."'" *Nottingham v. Commonwealth*, 73 Va. App. 221, 231 (2021) (quoting *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019)). "A court has abused its discretion if its decision was affected by an error of law or was one with which no reasonable jurist could agree." *Tomlin v. Commonwealth*, 74 Va. App. 392, 409 (2022). "All relevant evidence is admissible" unless another evidentiary principle requires its exclusion. Va. R. Evid. 2:402. Evidence is relevant if it has "any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." Va. R. Evid. 2:401.

But relevant evidence is inadmissible if "the probative value of the evidence is substantially outweighed by . . . the danger of unfair prejudice . . . ." Va. R. Evid. 2:403(a). "The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court." *Spencer v Commonwealth*, 240 Va. 78, 90 (1990). The trial court must determine "whether the probative value of the evidence is substantially outweighed by its unfair or unduly prejudicial effects." *Lee v. Spoden*, 290 Va. 235, 252 (2015) (emphasis omitted). "'[U]nfair prejudice' refers to the tendency of some proof

to inflame the passions of the trier of fact, or to invite decision based upon a factor unrelated to the elements of the claims and defenses in the pending case." *Id.* at 251.

The Commonwealth laid a foundation that the court document belonged to a person who contacted Rabender from jail and "identified" as his wife. The document was dated the day after the truck was stolen. These facts tend to make Rabender's involvement with the stolen vehicle, where the item was found, "more probable." Va. R. Evid. 2:401; *see also Ragland v. Commonwealth*, 16 Va. App. 913, 918 (1993) ("Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.").

Rabender argues that the document failed to establish that he "ever read, saw or knew of the existence of the paper," or how it entered the truck. Nonetheless, a single piece of evidence need not be dispositive on an issue; "[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant." *Commonwealth v. Proffitt*, 292 Va. 626, 634 (2016) (alteration in original) (quoting *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 260 (1999)). It was within the jury's purview to assign appropriate weight to the document in determining Rabender's guilt or innocence, *see Robertson v. Commonwealth*, 31 Va. App. 814, 821 (2000), and the trial court did not abuse its discretion in admitting the item into evidence.

## II. Jury Instruction

The trial court granted jury instruction 11 stating that "[b]ecause larceny is a continuing offense, anyone who knows that property is stolen and assists in its transportation or disposition is guilty of larceny." Rabender argues that the trial court erred in overruling his objection to the instruction because it was overbroad and not supported by the evidence.

"A trial court's decision whether to grant or refuse a proposed jury instruction is generally subject to appellate review for abuse of discretion." *Howsare v. Commonwealth*, 293 Va. 439, 443 (2017). "A litigant is entitled to jury instructions supporting his or her theory of the

case if sufficient evidence is introduced to support that theory and if the instructions correctly state the law." *Schlimmer v. Poverty Hunt Club*, 268 Va. 74, 78 (2004).

Rabender concedes that the instruction was an accurate statement of law, but argues it was "improper as it does not conform to the facts in evidence." We disagree. Rabender's flight towards Byerly's home occurred shortly before her garage door opened suspiciously, and the EZ pass inside the truck registered at a toll plaza without Byerly's knowledge or permission. Rabender did not argue to the jury that no theft occurred; he instead argued that the evidence failed to prove he stole the truck or that he knew the truck was stolen. The jury was entitled to consider whether the evidence proved Rabender knew the truck was stolen and "assist[ed] in its transportation or disposition" given that several documents and surveillance footage connected him to the vehicle. The jury instruction was therefore supported by the evidence, and the trial court did not abuse its discretion in granting it.

### III. Sufficiency of the Evidence

Rabender asserts that the trial court erred in finding sufficient evidence to find him guilty of grand larceny and denying his motions to strike. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Secret*, 296 Va. at 228). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ

from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Larceny is 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" *Goldman v. Commonwealth*, 74 Va. App. 556, 562 (2022) (quoting *Carter v. Commonwealth*, 280 Va. 100, 104-05 (2010)). "At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)).

Rabender does not challenge that a grand larceny occurred; only that the evidence was insufficient to establish that he stole the vehicle or otherwise knowingly assisted in the transportation or disposition of the vehicle. We disagree.

As with any element of an offense, identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "[C]ircumstantial evidence is not viewed in isolation." *Id.* (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Pijor v. Commonwealth*, 294 Va. 502, 512-13 (2017) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). Moreover, "[b]y finding the defendant guilty . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *James v.*

*Commonwealth*, 53 Va. App. 671, 681 (2009) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). That conclusion "is itself a 'question of fact,' subject to deferential appellate review." *Id.* (quoting *Haskins*, 44 Va. App. at 9). Of course, a factfinder "cannot 'arbitrarily' choose, as between two equally plausible interpretations, one that incriminates the defendant." *Id.* at 681-82 (quoting *Haskins*, 44 Va. App. at 9). "The choice becomes *arbitrary*, however, only when 'no rational factfinder' could believe the incriminating inferences and disbelieve the exculpatory inferences." *Id.* at 682 (quoting *Haskins*, 44 Va. App. at 9).

Considering all the facts and circumstances, a reasonable jury could find beyond a reasonable doubt that Rabender stole the vehicle. He fled from Target in the direction of Byerly's home before the truck was stolen. The timing of the suspicious opening of Byerly's garage was consistent with Rabender completing the ten-minute walk from the store to the house. The video footage showed the vehicle pull up to the Wawa days after its theft. After the truck parked, Rabender was the only person on video who approached the store from the vehicle's direction. The vehicle's lights turned off after it was parked, and no passenger side door opened. Rabender then conducted an ATM transaction, the receipt of which remained in the vehicle when it was recovered. The truck entering and leaving the Wawa corresponded to Rabender walking to and from the vehicle; he was the only person seen on video walking to or from the vehicle. A court document belonging to Leake, who called Rabender from jail and "identified" as his wife, was in Byerly's truck when the police found it.

Rabender's "unexplained possession of [the recently stolen vehicle] permits an inference of larceny." *Winston v. Commonwealth*, 26 Va. App. 746, 757 (1998). The totality of the evidence was therefore sufficient for a reasonable factfinder to conclude beyond a reasonable doubt that Rabender stole the vehicle with an intent to permanently deprive Byerly of it and that

he was guilty of grand larceny.  We find that this record supports the trial court's denial of his motion to strike.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed*.